IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE | : | CHAPTER 13 |
|  | : |  |
| MARLEASA A. SHERRILL-BRYANT, a/k/a | : | CASE NO: 14-14472ELF |
| MARLEASA SHERRILL | : |  |
| MARLEASA BRYANT | : |  |
|  | : |  |
| Debtor | : |  |

# ORDER

AND NOW, this _____ day of January, 2018, upon consideration of the Motion of US Bank, N.A, as Trustee for Pennsylvania Housing Finance Agency ("PHFA") for relief from the automatic stay pursuant to 11 U.S.C. §362(the "Motion") with respect to the Debtor's residential property at 714 Union St., Philadelphia PA 19104 (the "Property");

And the Motion was filed on December 28, 2017;

And the Movant having certified that service of the motion was made upon the debtor by first-class mail on December 28, 2017;

And included with the motion was notice that any response must be filed and served on or before January 12, 2018, and that a hearing would be held on the motion, if contested, on January 23, 2018 at 9:30 a.m.;

And the debtor did not file a response with this court by the deadline set forth in the notice and Local Bank. R. 9014-3(h);

And Movant having filed a Certificate of No Response with respect to the Motion on January 17, 2017;

And on January 17, 2018, but subsequent to the filing of the Certificate of No Response, Debtor's counsel filed a response to the Motion;

And Debtor's counsel having appeared on January 23, 2017 and representing that Debtor represented to him that she was current on mortgage payments to PHFA, but had not responded to her counsel's request for proof of the payments;

And a lift stay motion, by virtue of Fed. R. Bankr. P. 4001(a), is a contested matter under Fed. R. Bankr. P. 9014. Rule 9014(c) incorporates, inter alia, Fed. R. Bankr. P. 7055. Rule 7055, in turn, incorporates Fed. R. Civ. P. 55, governing defaults,

And under Rule 55, when an answer is not timely filed, the entry of default is required. See Orange Theatre Corp. v. Rayherstz Amusement Corp., 130 F.2d 185 (3d Cir. 1942) (when the defendant has failed to file a timely responsive pleading, the entry of default under Rule 55 is ministerial); In re Antell, 155 B.R. 921, 924 (Bankr. E.D. Pa. 1992). See also, In re Felder, No. 10-19112 (Order dated 01/31/2011, Doc. No. 41).

And, in general, Fed. R. Civ. P. 55(c), which is incorporated into bankruptcy proceedings and contested matters by virtue of Fed. R. Bank. P. 7055 and 9014, provides: "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).";

And the answer filed by movant's counsel appears to assert grounds by which the entry of default should be set aside,

Accordingly, it is hereby ordered as follows:

1. The Motion is entered by default. The bankruptcy stay is terminated in favor of the Movant as to real property at 714 Union St., Philadelphia PA 19104.

2.  The response to the Motion filed by the debtor through her counsel is treated as a motion under Rule 7055 to set aside the entry of relief by default;

3.  A hearing on the debtor's request to set aside the entry of relief by default shall take place on_____ at _____. in Bankruptcy Courtroom #1, 900 Market Street, Philadelphia, Pennsylvania. If the default is set aside, a subsequent hearing on the merits of the motion to terminate the bankruptcy stay shall be scheduled.

_____
Eric L. Frank
Chief United States Bankruptcy Judge